### ELECTRO BLEACHING GAS CO. et al. v. PARADON MFG. CO. et al.

District Court, D. New Jersey.

Oct. 29, 1930.

Arthur T. Vanderbilt, of Newark, N. J., and Loren N. Wood, of New York City, for complainants.

Alexander T. Schenck, of Newark, N. J., and Lawrence Bristol, of New York City, for defendants.

FAKE, District Judge.

This action is instituted for the purpose of restraining defendants from contributory infringement of a United States process patent, No. 1,142,361, issued to complainant Electro Bleaching Gas Company, as assignor of one George Ornstein. Under this patent the complainant Wallace & Tiernen Company, Inc., operate as exclusive licensees. Defendants contend that the patent is invalid because the claims set out in the letters patent, or material parts thereof alleged to be new, had been disclosed by prior patents and publications. The answer sets up nineteen patents in the United States, five British patents, two French patents, and ten publications to sustain defendants' position. Invalidity is also urged on the theory that the letters patent cover mere commercial selection involving no patentable novelty. Defendants deny engaging in the practice of any process claimed in the Ornstein patent and deny selling apparatus essential for carrying it out.

This patent has been before the courts in the following cases: Electro Bleaching Gas Co. v. Miller et al. (D. C.) 264 F. 429; Electro-Bleaching Gas Co. v. Paradon Engineering Co. (D. C.) 8 F.(2d) 890, affirmed by the Circuit Court of Appeals in 12 F.(2d) 511, certiorari denied 273 U. S. 728, 47 S. Ct. 239, 71 L. Ed. 862; Electro Bleaching Gas Co. et al. v. Greenport Sewerage Co. (D. C.) 33 F.(2d) 132; Wallace & Tiernan v. City of Syracuse et al. (D. C.) 36 F.(2d) 497; Electro Bleaching Gas Co. et al. v. The City of Stamford, District of Connecticut, December, 1928 [1]; Electro Bleaching Gas Co. et al. v. City of Fort Wayne, District of Indiana, Fort Wayne District, July, 1929 [1]; Electro Bleaching Gas Co. et al. v. Village of Garden City (D. C.) 33 F.(2d) 209, November, 1926. In each of the foregoing cases the complainants have succeeded in obtaining a permanent injunction, and in the instant case Judge Runyon filed a memorandum granting a preliminary injunction in November, 1927.

Two types of defendants' apparatus are under consideration in this litigation, the one known as the Potsdam type and the other as the Bull Pot type. The Potsdam type is represented on sheet 5 of the Paradon Bulletin No. 1 M (Exhibit P–5) as DS. and DBS., the only difference in the models being in the meter. This type is identical with the apparatus involved in the litigation before Judge Campbell, 8 F.(2d) 890, except that a solution jar has been substituted for the injector. Assuming validity, the problem here is as to whether or not the solution jar is the equivalent of the injector.

Both the injector and the solution jar have as their object the injection of chlorine gas into a minor flow of water to obtain the absorption of the gas in water. Both rely upon the bubbling of gas into water to obtain the desired solution for subsequent mixture with the major stream to be treated. And both require and cause the expansion or filming out of the minor flow or body of water to present an extended surface. I can come to no other conclusion than that the bubble of gas injected into the water films out and expands the surface of the water to the extent of the circumference of the bubble. That the bubble is injected in the one instance into a solution jar through which the minor flow is passing and in the other into a stream passing through a hose is a distinction without any apparent difference. In the words of Walker on Patents (5th Ed.) 421:

---

[1] No opinion filed.

"It works in substantially the same way to accomplish the same results." The conclusion therefore is that these means are equivalents. I find myself in full accord with the views of Judge Campbell on this point as found on page 897 of 8 F.(2d) of his opinion, and, therefore, I will not incumber this record with further discussion of it.

The other of the two types of defendants' apparatus, the Bull Pot type, is described in their bulletin as DI. and DBI. on sheet 3, and TS. and T. on sheet 7 thereof. Each of these models operates as did the model before Judge Campbell in 8 F.(2d) 890, in so far as the use of an injector is concerned. They differ from it, however, in the addition or attachment thereto of a chamber which has been referred to as a Bull Pot. Defendants' bulletin, Exhibit P-5, mentions it on sheet 3 as follows: "In the United States our injector type chlorinator is licensed to practice the Bull Process. To accomplish this, a hard rubber container known as the Bull Pot and filled with comminuted iron is interposed between the injector and the point of application."

In the instructions which the defendants issue to purchasers of their chlorinators, they say, Exhibit P-6:

"To carry out the Bull Process, under which this company is licensed, and which, therefore, machines of its manufacture are privileged to use, there shall be maintained in this hard rubber cylinder pieces of comminuted iron and the resulting re-agent will enter the water to be purified.

"As this comminuted iron is used up, it should be replenished. If the pot is empty of comminuted iron, our competitors will claim that the equipment is practicing the later patented Ornstein process, claimed to be an improvement on the Bull Process, under which this company is not licensed and against which it, therefore, cannot protect its customers."

The above language conveys the impression that, unless the Bull Pot performs some useful function as a necessary part of defendants' apparatus, the sale thereof would constitute a contributory infringement of the Ornstein process patent. Whether the language of the instructions may be so construed or not the important question here is: Does the addition of the Bull Pot avoid contributory infringement of the Ornstein process patent. In this connection the testimony discloses that defendants' apparatus with a Bull Pot attached was in operation at Blackstone, at Syracuse, at Buffalo, and at Vincennes, and that, upon analysis, the use of the Bull Pot at Blackstone, so far as iron content was concerned, was of no effect, adding only one-tenth per million to the minor flow resulting in .0000017 per cent. in the major flow. At Syracuse there was no increase whatever in iron to either the major or the minor flow. It appears that the use of comminuted iron in the Bull Pot is intended to impart iron to the water to be treated for the purpose of coagulation, and that at Blackstone clear well water was being treated. At West Springfield they were using it on a swimming pool where aluminum sulphite was employed as a coagulant, and at Syracuse there were no filters or settling basins. It appears that at Springfield the Bull Pot held about five pounds of iron and the amount of water being treated would require about two hundred pounds of iron per day, necessitating filling the pot forty times. From this showing, I am led to the conclusion that the Bull Pot performs no useful purpose and its attachment to the defendants' apparatus does not avoid contributory infringement.

All of the patents offered here as anticipations were before Judge Campbell in either the Greenport Case, 33 F.(2d) 132, or in the Paradon Case, 8 F.(2d) 890. I find nothing upon which I can differ with his findings as to the validity of the Ornstein process patent. Nor can I find, in the face of the great success which the Ornstein process has met and the state of the prior art over a long period of time, that the patent involves mere commercial selection without patentable novelty.

The conclusion is therefore reached that both types of defendants' apparatus, as complained of, constitute contributory infringements by the defendant Paradon Manufacturing Company of claims 4, 5, 6, 8, and 10 of the Ornstein patent. Numerous opinions have been handed down covering this patent. They bear upon all angles of approach, and in view of my agreement with the reasoning therein, and the absence of anything here other than restatement and new emphasis, further discussion by me is unnecessary.

A decree may be entered in favor of complainants and against the defendant corporation. The case against the individual defendants Donnelly and Kane is dismissed by stipulation between the parties.