**WALKER PROCESS EQUIPMENT, INC.,**
**Plaintiff-Appellant,**

v.

**FMC CORPORATION, Defendant-**
**Appellee.**

**No. 14880.**

United States Court of Appeals
Seventh Circuit.

Jan. 20, 1966.

Rehearing Denied March 10, 1966.
(En Banc).

Swygert, Circuit Judge, dissented.

**450**

Edward A. Haight, Charles J. Merriam, Chicago, Ill., William A. Marshall, Chicago, Ill., Merriam, Marshall, Shapiro & Klose, Chicago, Ill., of counsel, for appellant.

James W. Clement, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and KILEY and SWYGERT, Circuit Judges.

HASTINGS, Chief Judge.

This is an appeal by Walker Process Equipment, Inc. from an order of the United States District Court for the Northern District of Illinois dismissing, for lack of jurisdiction because of the absence of an actual controversy, Walker's declaratory judgment action against the F.M.C. Corporation (FMC).[1] In its complaint, Walker sought to have a patent owned by FMC, U.S. Patent No. 2,777,815, entitled "Sewage Digestion Process", declared invalid, unenforceable, and not infringed by any use of Walker's digester stirrer equipment.

Walker manufactures and sells "Gaslifter" digester stirrers for use in sewage digestion processes in sewage treatment plants. FMC competes with Walker and is the owner of a patented process for the digestion of sewage sludge, which involves continuous gas recirculation to maintain homogeneous sludge. While Walker sells only equipment, it is possible for Walker's customers to use Walker's equipment in processes allegedly covered by FMC's process patent, although the Walker equipment need not be so used and has other uses.

Walker's amended complaint alleges that FMC attempts to persuade prospective customers of competing manufacturers that they should use FMC equipment in accordance with its patented process or that, if they use the equipment of a competing manufacturer, they should, in order to protect themselves against possible infringement, purchase a license to use the patented process from FMC.

It is further alleged that because of FMC's acts some of Walker's prospective customers have refused to purchase Walker's equipment, while others demand, as a condition of purchase, that Walker furnish "hold harmless" guaranties to defend them against patent infringement actions.

Walker asserts that at least one of its customers, with which Walker has a patent suit indemnity agreement, has used, and is believed by Walker to continue to use, Walker's equipment in a process which apparently infringes the patent.

---

1. "In a case of actual controversy within its jurisdiction, except with respect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." 28 U.S.C.A. § 2201.

In May, 1960, FMC brought suit against Walker and one of its customers, the City of Greensboro, North Carolina, charging the City of Greensboro with infringement of FMC's patent and charging Walker with active inducement of infringement of the patent. Walker was dismissed from the suit on motion since it was not subject to process in North Carolina. Because of Walker's hold harmless agreement with Greensboro, however, Walker defended that action. The district court held that FMC's patent was valid and infringed,[2] but on appeal, the court of appeals reversed, holding that the process used by the City of Greensboro for the digestion of sludge did not infringe the patent. See FMC Corporation v. City of Greensboro, 4 Cir., 326 F.2d 581 (1964).

On this appeal, Walker urges a number of grounds for reversal. Walker first contends that when a patent owner charges another with infringement through active inducement of infringement or contributory infringement, an actual controversy exists sufficient to support a suit under the Declaratory Judgment Act. While this proposition is true, it begs a fundamental question of this appeal: that is, whether the patent owner has, in this case, made viable charges of infringement.

A studied consideration of Walker's amended complaint has convinced us that the complaint does not allege that FMC has charged Walker or any of Walker's customers, at any time since the Greensboro litigation, with any kind of infringement. Whatever infringement charges were made in the Greensboro litigation were resolved, and the controversy between the parties terminated, by the judgment of the court of appeals.

Walker states, however, that even if the allegations it made respecting FMC's charges of active inducement of infringement and contributory infringement refer only to the Greensboro litigation, the charges created a legally cognizable controversy not terminated in that case, although the particular controversy in issue in that case was terminated. This is so, Walker asserts, because the same basis for the charges FMC made in the Greensboro litigation continues to exist. While it may be that the same basis for charges exists, it is certain, in view of our construction of Walker's complaint, that actual charges do not exist. Lacking actual charges, Walker's right to maintain a declaratory judgment action depends upon the meaning of the Declaratory Judgment Act.

The Declaratory Judgment Act created no new rights, but rather created a new remedy with which to adjudicate existing rights. Aralac, Inc. v. Hat Corporation of America, 3 Cir., 166 F.2d 286, 291 (1948). With respect to the meaning and effect of the Act in relation to patents, we quote with approval the statement of the district court in this case:

"Prior to the enactment of the Declaratory Judgment Act, a party accused of patent infringement was without a remedy to obtain a judicial determination of the merits of the accusation if the patentee refused to bring suit for the alleged infringement. An accused infringer could thus be made subject to harassment. The Declaratory Judgment Act eliminates this inequity. It enables the accused to secure a judicial determination of the charge of infringement without having to wait for the patentee to institute proceedings."

A leading case in point is Aralac, Inc. v. Hat Corporation of America, supra. Aralac precludes a declaratory judgment action against a patent owner unless the plaintiff is in fact accused of infringement by the patent owner. In view of the fact that there are no outstanding charges by FMC of infringement by Walker or Walker's customers, there is no justiciable controversy between the parties.

2. 208 F.Supp. 494 (1962).

It is further urged, however, that a manufacturer whose interests in a controversy concerning a patent are limited to indemnity agreements with possible infringers and possible loss of business has standing to seek a declaratory judgment regarding the scope and validity of the patent.

In *Aralac*, supra, it was held that where the patent owner has not made a charge of infringement, direct or contributory, against a plaintiff-manufacturer, but rather has made a claim that purchasers of the plaintiff's product were infringing by using the process covered by defendant's patent, the plaintiff-manufacturer did not have a sufficient legal interest in any claim arising under the patent laws to enable it to challenge the defendant's patent by declaratory judgment. The plaintiff's interest was an economic interest not legally recognized.

It is true, as Walker argues, that in *Aralac* the plaintiff sold a product which was used by purchasers in the manufacture of a wholly new product, the manufacture of which involved the alleged use of a patented process. In the instant case, Walker's product itself may be used by purchasers in a manner allegedly infringing a patented process. Because of the specialized use of Walker's equipment, it is clear that Walker has a greater and somewhat different interest than existed in the *Aralac* case. Nonetheless, Walker's interest is no more than an economic interest, which brings it within the *Aralac* rationale. In the absence of a viable charge of infringement, Walker's interest is insufficient to permit Walker to challenge FMC's patent.

Finally, Walker, citing National Coupling Co. v. Press-Seal Gasket Corp., 7 Cir., 323 F.2d 629 (1963), contends that when a patent owner asserts that customers of a manufacturer may possibly infringe a patent, an actual controversy between the patent owner and manufacturer exists sufficient to give jurisdiction in a declaratory judgment action.

*National Coupling* decided that, in a declaratory judgment action, where a defendant had publicly charged the plaintiff, in a letter to one of the plaintiff's customers, with infringement of a patent, the defendant could not forestall judicial determination by objecting to jurisdiction on the ground that the product of the alleged infringer fell within a statutorily excluded class of infringing articles, as defined in 35 U.S.C.A. § 271 (c).[3] Jurisdiction for a declaratory judgment action existed there because of a viable charge of contributory infringement. The action of a patent owner in cautioning possible infringers and offering licenses to them, as in the instant case, is not the equivalent of the charge of infringement found in *National Coupling*. For that reason, *National Coupling* is distinguished from the case at bar.

The judgment of the district court appealed from herein is affirmed.

Affirmed.

SWYGERT, Circuit Judge (dissenting).

The majority opinion identifies the fundamental question in this appeal as "whether the patent owner has * *, made viable charges of infringement." The majority then states that its consideration of the complaint reveals no allegation that FMC has charged Walker, "or any of Walker's customers, at any time since the Greensboro litigation, with any kind of infringement." I cannot agree.

The majority says that the several allegations of Walker's complaint relating to FMC's "licensing program" and to the Greensboro lawsuit do not embrace "vi-

3. "Whoever sells a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial non-infringing use, shall be liable as a contributory infringer."

able charges" of infringement. I concede that this may be arguable; however, paragraph sixteen of the amended complaint states in part:

> Since the opinion of the Court of Appeals for the Fourth Circuit in FMC Corporation v. City of Greensboro * * *, the defendant has continued to charge that use of plaintiff's "Gaslifter" digester stirring equipment infringes said Letters Patent No. 2,777,815.

I think that this is an allegation by Walker that FMC has charged it with contributory infringement. The complaint need not allege that the charge of infringement was addressed directly to Walker, nor need it allege that Walker's customers were told that Walker had committed acts of infringement. It is sufficient for Walker to allege that its customers were told that if they use Walker's equipment, they (the customers) will be guilty of infringement. In such circumstances, Walker, albeit indirectly, has been charged with contributory infringement and thus has a sufficient interest to seek relief under the Declaratory Judgment Act.

A very similar allegation was considered by this court in National Coupling Co. v. Press-Seal Gasket Corp., 323 F.2d 629 (7th Cir. 1963). There National Coupling sought a declaratory judgment of noninfringement and invalidity against the owner of a patent for a gasket and pipe end construction for bell and spigot pipe. National Coupling's complaint alleged that the patentee had charged one of National Coupling's customers that if the customer used gaskets manufactured by National Coupling in the production of certain pipe, the customer would be guilty of infringement. We held there that such a charge by the patentee against a customer of National Coupling was also a charge of contributory infringement against National Coupling. "The import of * * * [the patentee's statements] is that but for the use of National Coupling's gasket there would be no infringement. Thus, the charge of infringement is against National Coupling."

Although not a declaratory judgment action, another case that bears on the question here is Electro Bleaching Gas Co. v. Paradon Eng'r Co., 12 F.2d 511 (2d Cir.) cert. denied, 273 U.S. 728, 47 S.Ct. 239, 71 L.Ed. 862 (1926). There the owner of a process patent for the purification of water sued a manufacturer of a mechanical device that might be used and was ordinarily used for the purification of water in accordance with the patented process. The court held that the sale of this device for use in the process was a species of contributory infringement and upheld the patent owner's right of recovery.

Here Walker alleges that FMC is informing Walker's customers that if they use Walker's digester stirrers they, Walker's customers, will infringe FMC's process patent. Walker's complaint thus alleges a charge of infringement by FMC. The question of whether Walker's equipment could or could not in fact infringe FMC's process patent is irrelevant to the question of whether a charge of infringement has been made.

Since Walker alleges that it has been charged with infringement by FMC, Aralac, Inc. v. Hat Corp. of America, 166 F.2d 286 (3rd Cir. 1948), is not applicable. In *Aralac*, the court stated that "there has never been a charge of infringement made by defendant against plaintiff or any of plaintiff's customers or prospective customers by notice, threat or suit as to the sale or purchase of casein fiber or against casein fiber as such, but a claim that the purchasers of plaintiff's fibers were, by using the process encompassed by defendant's patents, performing an act of infringement." There the casein fiber manufactured by the plaintiff was only one of several ingredients which, when combined under the patented process, formed a new commodity. This is made clear by the following statement at page 293 in the opinion:

> Plaintiff has the right to have that which it lawfully produces freely

bought and sold without restraint or interference. It is a right which attaches to its product, to a particular thing—as an article of commerce—and it continues only so long as the commodity to which the right applies retains its separate identity. If in the course of trade that commodity is combined with other things in the process of the manufacture of a new commodity, the trade right in the original part as an article of commerce is necessarily gone. So that if other persons become manufacturers on their own behalf, assembling the various elements and uniting them so as to produce hats or hat bodies, a new article, it is manifest plaintiff cannot by reason of its mere right to make and sell, and the fact of its having made and sold casein fibers to the manufacturers of the new article, satisfy the legal requirement that it has sufficient legal interest in any claim arising under the patent laws, enabling it by declaratory judgment to challenge the validity of the defendant's patent, where no charge of infringement has been made against the product sold by plaintiff but against a process with which plaintiff has had no connection.

In the instant case it is not claimed that the Walker equipment is a commodity (such as casein fibers or, for example, steel) that is "combined with other things in the process of the manufacture of a new commodity." Rather, according to the complaint, FMC has charged and is currently charging that the use of Walker's equipment infringes the patent. Stated differently, the charge is that the Walker equipment is the means for applying the patented process. For the foregoing reasons I cannot agree with the court's observation that Walker's complaint alleges no outstanding charges by FMC of infringement by Walker, and its holding that Walker does not have a sufficient legal interest to maintain this suit. I would reverse the dismissal order.