**GRAFON CORP., Plaintiff,**

v.

**Elmer P. HAUSERMANN et al., Defendants.**

**No. 77 C 4652.**

United States District Court, N. D. Illinois, E. D.

Sept. 22, 1978.

Pigott & Gerstmann, Ltd., Chicago, Ill., for plaintiff.

Robert F. Van Epps, Elmhurst, Ill., Merriam, Marshall & Bicknell, Chicago, Ill., for defendants.

Memorandum

LEIGHTON, District Judge.

Plaintiff Grafon Corporation, organized in Illinois and engaged in the sale of certain

industrial machines, brings this action against defendants Elmer P. and Marten C. Hausermann, holders of United States and foreign patents on technology relating to the manufacture of electrodes for use in electrical discharge machining. It seeks a declaratory judgment that certain patents are invalid; that it has not infringed them; and that certain agreements between it and defendants are void.

Plaintiff also seeks damages in the amount of $82,332.00, plus sales tax, interest, costs and attorney's fees for defendants' alleged failure to pay for a machine sold to them. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1338(a), 2201, and 2202; the allegations of liability have been denied; and the cause is before the court on defendants' motion to dismiss pursuant to Rule 12(b)(1), Fed.R.Civ.P. on the ground that the court lacks jurisdiction over the subject matter of this suit.

## I.

Grafon Corporation, Elmer and Marten Hausermann are parties to agreements dated August 16, 1971, March 28, 1972, amended February 11, 1975, and which provided Grafon with a license to use certain patented technology developed by the Hausermanns in return for annual payment of royalties. The agreements also provided for termination at the discretion of the Hausermanns on Grafon's default in making payments; and, in such event, for Grafon's return of technical and business information acquired through the license. Grafon also agreed not to compete with the Hausermanns for a period of five years, if there was a termination of the agreements.

In response to Grafon's failure to pay the required royalties, the Hausermanns terminated the agreements on April 18, 1977. Grafon brought this declaratory judgment action on December 15, 1977; and shortly thereafter, the Hausermanns filed a suit in the circuit court of DuPage County, Illinois to enforce certain terms that, they alleged, survived the termination. They now move to dismiss Grafon's suit, contending that the complaint for declaratory judgment prema-

turely raises a defense to a suit for patent infringement when in fact the Hausermanns' claim is for breach of contract filed in a state court. As a result, the Hausermanns contend that Grafon does not have an interest in avoiding a suit for patent infringement that would make this dispute a case or controversy arising under the federal patent laws, and thus give this court jurisdiction to enter a declaratory judgment.

Grafon opposes the motion on the ground that its complaint alleges the Hausermanns have engaged in intimidating its customers by informing them that Grafon is no longer licensed under the patents, and by intimating that purchase of Grafon machines utilizing those patents may expose them to a patent infringement action. Since validity of the patents is at the heart of any patent infringement action, Grafon contends that the Hausermanns' threat of infringement suits against its customers, in order to gain a competitive advantage over Grafon in the marketplace, presents a case or controversy arising under the patent laws, one properly within the subject matter jurisdiction of this court.

## II.

It is well recognized that materials dehors a pleading can be used in determining the ruling to be made on a motion to dismiss. 5 Wright & Miller, Federal Practice and Procedure: § 1364, at 668 (1969). In this case, both parties have submitted copies of contracts, depositions, and correspondence in support of their respective positions on the Hausermann motion to dismiss. This court has examined these materials and now concludes that plaintiff's suit must be dismissed for lack of subject matter jurisdiction.

Grafon's attempt to defeat the Hausermanns' motion is predicated on its contention that subject matter jurisdiction for its declaratory judgment action arises from the implied threats of patent infringement suits contained in the Hausermanns' communications to Grafon's customers. Grafon views itself as being subject to potential liability

for contributory patent infringement if Grafon's customers purchase Grafon machines and the Hausermanns carry out their alleged threats to sue those customers for infringement.

The statutory requirement that an actual controversy exist so as to support an action for federal declaratory relief under 28 U.S.C. § 2201 is no more than a recognition that the federal judicial power is limited to the determination of cases or controversies in the constitutional sense. *Super Products Corp. v. D P Way Corp.*, 546 F.2d 748, 753 (7th Cir. 1976). To establish an actual controversy in an action challenging the validity of a patent, the touchstone is whether the plaintiff discloses conduct on the part of the defendant that makes reasonable the plaintiff's apprehension that it will face an infringement suit or the threat of one if it embarks on or continues in the course of conduct in question. *Sticker Industrial Supply Corp. v. Blaw-Knox Co.*, 367 F.2d 744, 747 (7th Cir. 1966).

The question of what constitutes the type of conduct sufficient to cause reasonable apprehension of an infringement suit has recently been addressed by Judge Flaum in *Pittway Corp. v. BRK Shareholders' Committee*, 444 F.Supp. 1210 (N.D.Ill. 1978). A lack of prior history of infringement litigation between the parties, or between the defendant and competitors of the plaintiff, a statement by defendant prior to the commencement of plaintiff's declaratory action expressing concern over the expense and uncertain outcome of patent infringement litigation, the prior commencement of an action in state court based upon the same core of operative facts but relying primarily upon state law theories, and the lack of an actual accusation by defendant of infringement by plaintiff were factors held by Judge Flaum to militate against a finding that plaintiff had a sufficiently reasonable apprehension of infringement litigation to create a case or controversy for the purpose of federal subject matter jurisdiction.

Applying these legal principles to the case at bar, this court concludes that as a matter of law plaintiff does not have a reasonable apprehension of liability for infringement or contributory infringement that gives rise to a case or controversy. Although there is no evidence that the Hausermanns expressed concern over the expense and uncertain outcome of infringement litigation, and they commenced their state court action after Grafon brought suit for declaratory relief, there is no prior history of infringement litigation involving the Hausermanns. More importantly, however, the Hausermanns' statements to Grafon's customers that Grafon had lost its patent rights—conduct on which Grafon bases its case—are to be viewed as statements of fact and cannot be construed as threats of infringement litigation. Such conduct is more closely akin to defendant's cautioning of plaintiff's customers of their possible infringement, found unobjectionable in *Walker Process Equipment, Inc. v. FMC Corporation*, 356 F.2d 449, 452 (7th Cir.), *cert. denied*, 385 U.S. 824, 87 S.Ct. 56, 17 L.Ed.2d 61 (1966), than it is to defendant's conduct found objectionable in *Sticker Industrial Supply Corp. v. Blaw-Knox Co.*, 367 F.2d 744 (7th Cir. 1966), where defendant warned plaintiff's customers that unlicensed use of plaintiff's device would make them infringers of defendant's patent.

Although Grafon asserts that a threat of infringement litigation was implied in the Hausermanns' statements to Grafon's customers, it has not shown either that the Hausermanns intended the statement to be a threat or that Grafon's customers understood the alleged implications of those statements. Such assertions are therefore not persuasive, since a party opposing a 12(b)(1) motion cannot rest on the mere assertion that factual issues may exist. *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.*, 544 F.2d 1126, 1131 (2d Cir. 1976). Additionally, Grafon's assertions ignore the realities of business life, since, as the Hausermanns point out, one does not threaten the prospective purchaser of one's products. Therefore, this court holds that Grafon has failed to allege a claim arising under the patent laws of the United States. Accordingly, and for the reasons stated, this

cause is dismissed for lack of subject matter jurisdiction.

So ordered.