**AMERICAN HOSPITAL SUPPLY CORPORATION, Plaintiff,**

v.

**DAMON CORPORATION, Defendant.**

No. 83 C 7838.

United States District Court, N.D. Illinois, E.D.

Nov. 19, 1984.

**446**

William Brinks, Olds, Hofer, Gilson & Lione, Ltd., Clyde F. William, Stephen Z. Szczepanski, Wannell M. Baird, Chicago, Ill., for plaintiff.

Nicholas D. Chabraja, Robert T. Markowski, Jenner & Block, Daniel J. King, Chicago, Ill., John A. Lahive, Jr., Norman A. Hubley, Ralph A. Loren, Lahive & Cockfield, Boston, Mass., for defendant.

## MEMORANDUM

LEIGHTON, District Judge.

This cause is before the court on the motion of defendant, Damon Corporation ("Damon"), pursuant to Fed.R.Civ.P. 12(b)(1), to dismiss plaintiff's complaint on the ground that the court lacks jurisdiction over the subject matter of the suit. Also before the court is the motion of plaintiff, American Hospital Supply Corporation ("AHSC"), pursuant to Fed.R.Civ.P. 15(a), to file an amended complaint.

### I

The litigation arises out of a license agreement entered into by the parties whereby AHSC became licensee to a patent for chemical analyzers owned by Damon. Subsequent to this agreement, AHSC allegedly developed an immunoassay system for the monitoring of therapeutic drugs and the detection of infectious diseases, which included a system known as the "Stratus analyzer." Since that time, the parties have been embroiled in a dispute as to whether the analyzer is covered by the patent owned by Damon and licensed to AHSC. Damon takes the position that the patent is valid, that the analyzer falls within the scope of the patent, and that royalties are due under the licensing agreement. AHSC takes the opposite view, and has filed petitions for reexamination of the patent before the United States Patent and Trademark Office which have been denied.

AHSC then filed this lawsuit, seeking a declaratory judgment adjudication of the validity of the patent, and for return of royalties. The court's jurisdiction was invoked pursuant to the patent statute, 28 U.S.C. § 1338(a), and the federal diversity statute, 28 U.S.C. § 1332. Based on Damon's contention that the patent in question is valid, it moved to dismiss the action for lack of a justiciable controversy between the parties, as required by the patent statute. Absent such a controversy, this court would be without jurisdiction to enter a declaratory judgment. AHSC opposes the motion by stating that it has satisfied all justiciability requirements.

### II

It is well established that in a motion to dismiss for lack of subject matter jurisdiction, the existence of jurisdiction may be established by the use of evidence outside the pleadings. *Grafon Corporation v. Hausermann*, 458 F.Supp. 91, 92 (N.D.Ill.1978), *rev'd on other grounds*, 602 F.2d 781 (7th Cir.1979). In this case, the parties have made oral presentations to the court, and have submitted various affidavits and other materials for the court's consideration. After careful review of this evidence, the court concludes that that it has jurisdiction over the dispute.

The "actual controversy" requirement of the Declaratory Judgment Act, 28 U.S.C. § 2201, is a jurisdictional prerequisite in a constitutional sense. *Grafon Corporation v. Hausermann*, 602 F.2d at 783. Generally, courts have interpreted the "controversy" requirement in the patent

field to mean that plaintiff has a sufficient interest in the controversy, and that there is a reasonable threat that the patentee or licensor will bring an infringement suit against the alleged infringer. *C.R. Bard, Inc. v. Schwartz,* 716 F.2d 874, 879 (Fed. Cir.1983). A license agreement need not have been terminated for a licensee to maintain a declaratory action for patent invalidity. *Id.* at 882.

■ Whether there is an "actual controversy" in any given case requires application of these legal principles to an examination of the "totality of circumstances" of that case. *Id.* at 880. It seems obvious that AHSC has satisfied the first prong of the justiciability requirement, interest in controversy, by not wanting to pay what it considers undeserved royalties to defendant. The court also concludes that AHSC had a reasonable apprehension of an infringement suit, despite the fact that its license with Damon was still valid. At the time of this lawsuit, AHSC, the licensee, had not paid running royalties on the "Stratus analyzer" for the third quarter of 1983; and was not marking the analyzers with the patent number of the patent in suit. Either of these actions constituted a breach of the licensing agreement, for which Damon had the right to terminate the agreement upon 30 day notice. In its answer, in fact, Damon asserts that if no such license agreement existed, such acts would constitute infringement of the patent.

■ It is true that AHSC later paid royalties due, but this court does not believe that action acts as a bar to maintenance of a suit for patent invalidity. In such a case, a licensee need not sit back and continue to wonder if it is justly paying royalties or merely paying a bribe to the patentee not to threaten him with business disruption and a possible damage suit if he terminates royalty payments. *Precision Shooting Equipment Company v. Allen,* 646 F.2d 313, 318 (7th Cir.1981). Clearly, where the parties and their actions dispute the validity of the patent in question, there is sufficient controversy for jurisdiction, under the patent statute or under the diversity stat-ute which turns on the same considerations. *Id.* at 316. Accordingly, defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

### III

■ Defendant opposes plaintiff's amending its complaint, for the reason that it believes the amendment does not cure jurisdictional deficiencies in the original complaint. This court disagrees. The amended complaint sets forth jurisdictional requirements more clearly than the original complaint, by detailing facts of the dispute between the parties, and by specifically alleging that "the continual assertions by Damon regarding the validity, coverage and infringement of the patent in suit, combined with Damon's vigorous opposition in reexaminations of the patent in suit, gave AHSC a reasonable apprehension that if the royalty payments are not made, Damon would cancel the agreement and sue for infringement of the patent in suit." Under the liberal pleading rules of the Federal Rules of Civil Procedure, leave to amend should be "freely given." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Accordingly, plaintiff's motion for leave to amend is granted.

In summary, therefore, defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction is denied; and plaintiff's motion to file an amended complaint is granted.

So ordered.