**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,

Debtor.

BOBBIE J. MEYER,

No. 98-1504

Claimant-Appellant,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CR-85-1307-R)

Submitted: September 22, 1998

Decided: October 16, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Bobbie J. Meyer, Appellant Pro Se. Orran Lee Brown, Sr., DALKON
SHIELD CLAIMANTS TRUST, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bobbie J. Meyer appeals the district court's order denying her Fed. R. Civ. P. 60(b)(1) motion for relief from the district court's order denying her motion for reinstatement of her disallowed Dalkon Shield claim. Because there was no abuse of discretion, we affirm.

Meyer timely noted her Dalkon Shield Claim on March 6, 1986. She failed to return by the deadlines set by the bankruptcy court the initial court-ordered questionnaire necessary to perfect her claim. She also did not return a second questionnaire sent to claimants who had not returned the initial questionnaire, even though the second questionnaire warned that failure to timely return it would result in permanent disallowance of the claim.

Because Meyer failed to return a completed questionnaire, the district court disallowed her claim. The court then denied her motion for reinstatement of her disallowed claim by order entered on July 20, 1987. On January 18, 1990, Meyer filed her Rule 60(b)(l) motion for relief from the July 20 order. In an order entered on March 4, 1998, the district court denied her motion, finding that it was untimely under Rule 60(b)(1) and, in any event, that Meyer had not demonstrated excusable neglect warranting relief from the judgment. Meyer timely appeals.

Rule 60(b)(1) provides for relief from a judgment based on mistake, surprise, inadvertence, or excusable neglect. Such motions must be filed within one year of the order from which the movant seeks relief. See Fed. R. Civ. P. 60(b)(1). The extraordinary remedy of Rule 60(b) is only to be granted in exceptional circumstances. See Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). To obtain relief under the Rule based on excusable neglect, the movant "must demonstrate inter alia that [she] was not at fault and that the

2

nonmoving party will not be prejudiced by the relief from judgment." Home Port Rentals, Inc. v. Ruben, 957 F.2d 126, 132 (4th Cir. 1992). We review the denial of a Rule 60(b) motion for abuse of discretion. See National Org. for Women v. Operation Rescue, 47 F.2d 667, 669 (4th Cir. 1995).

Meyer's motion, filed more than two years after entry of the order from which she sought relief, was untimely. Not only was the motion untimely, it lacked merit. While Meyer claimed that she received neither of the questionnaires relating to her claim, we note that her address, where all documents pertaining to her claim were mailed, has not changed since she filed her claim in March 1986. Nonetheless, even if she did not receive the forms as claimed, this does not constitute excusable neglect. It was her responsibility to remain apprised of the status of her claim. Had she made some simple inquiries, she would have learned about the necessity of submitting a completed questionnaire by a certain time and presumably would have taken the steps necessary to perfect her claim. The fault in this matter ultimately rests with Meyer.

Because Meyer's Rule 60(b)(1) motion was untimely and, in any event, lacked merit, the district court did not abuse its discretion in denying the motion. We accordingly affirm. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3