**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: A. H. ROBINS COMPANY,
INCORPORATED,

Debtor.

No. 98-1893

CYNTHIA LOUISE KOTKIN-COPPERFIELD,
Claimant-Appellant,

v.

DALKON SHIELD CLAIMANTS TRUST,
Trust-Appellee.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert R. Merhige, Jr., Senior District Judge;
Blackwell N. Shelley, Bankruptcy Judge.
(CA-85-1307-R)

Submitted: December 8, 1998

Decided: December 29, 1998

Before WIDENER, HAMILTON, and MICHAEL, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Cynthia Louise Kotkin-Copperfield, Appellant Pro Se. Orran Lee
Brown, Sr., DALKON SHIELD CLAIMANTS TRUST, Richmond,
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cynthia Louise Kotkin-Copperfield appeals the district court's order denying her Fed. R. Civ. P. 60(b) motion. The motion sought relief from a November 30, 1995, order of the district court requiring that Dalkon Shield claimants who intended to file suit against the Dalkon Shield Claimants Trust (Trust) do so by April 1, 1996. The order further stated that failure to meet the April 1 deadline would result in automatic disallowance of the claim. Kotkin-Copperfield did not file a complaint by the deadline. Instead, on August 29, 1996, she filed a letter with the bankruptcy court that was construed as a Fed. R. Civ. P. 60(b) motion for relief from the disallowance of her claim effected by the November 30 order. The district court denied the motion upon the determination that Kotkin-Copperfield had not demonstrated excusable neglect justifying relief from the November 30 order. This appeal followed.

Rule 60(b)(1) provides for relief from a judgment based on mistake, surprise, inadvertence, or excusable neglect. The extraordinary remedy of rule 60(b) is only to be granted in exceptional circumstances. See Compton v. Alton S.S. Co., 608 F.2d 96, 102 (4th Cir. 1979). To obtain relief under the Rule based on excusable neglect, the movant "must demonstrate inter alia that[she] was not at fault and that the nonmoving party will not be prejudiced by the relief from judgment." Home Port Rentals, Inc. v. Ruben , 957 F.2d 126, 132 (4th Cir. 1992). We review the denial of a Rule 60(b) motion for abuse of discretion. See National Org. for Women v. Operation Rescue, 47 F.2d 667, 669 (4th Cir. 1995).

There was no abuse of discretion in this case. Kotkin-Copperfield was obligated to remain apprised of relevant developments concerning her claim and to advise the court and the Trust of her whereabouts. Instead, she moved and neglected to inform the Trust or the

2

court of her new address. Any resulting failure to receive communications and copies of relevant orders sent to her address of record is her fault. Her negligence does not constitute excusable neglect, and the district court therefore did not abuse its discretion in denying her Rule 60(b) motion.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are fully presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED