**MILPRINT, INC., Plaintiff-Appellant,**

v.

**CURWOOD, INC., Defendant-Appellee.**

**No. 77–1049.**

United States Court of Appeals,
Seventh Circuit.

Argued April 19, 1977.

Decided Sept. 14, 1977.

Before PELL, TONE and WOOD, Circuit Judges.

PELL, Circuit Judge.

Appellee Curwood, Inc., is the owner of a patent covering a plastic laminated film product. In 1970, Curwood advised appellant Milprint, Inc., that it should either take a license under the patent or prepare for an infringement suit. By two agreements in April 1971 Milprint took a license but reserved its right to contest the validity of the patent. In mid–1973, Milprint ceased making royalty payments due under the license agreement and on March 1, 1976, Curwood instituted an action for royalties in the Circuit Court of Milwaukee County, Wisconsin. Diversity between the parties being lacking, the state court, as will be discussed hereinafter, was the only forum available to Curwood.

On March 22, 1976, Milprint filed in the district court a complaint seeking a declaratory judgment to the effect that Curwood's then-current reissue patent and its predecessor were invalid, that no further royalties were due Curwood under the license agreements, and that Milprint was entitled to return of the royalties paid between 1971 and 1973. A separate count of the complaint alleged breaches of the agreements by Curwood and sought similar declarations as to royalties. On April 1, Milprint filed a petition removing the state court case to the district court. The district court remanded the case because it had been "removed improvidently and without jurisdiction." 28 U.S.C. § 1447(c).[1] In the same decision and order, the district court rejected Curwood's argument that the case should be dismissed for lack of jurisdiction, but nonetheless dismissed the declaratory action because of the pendency of the state court suit.

Milprint's appeal attacks only the propriety of the district court's discretionary dis-

Donald G. Casser, Milwaukee, Wis., for plaintiff-appellant.

Dennis M. McWilliams, Chicago, Ill., for defendant-appellee.

---

1. By unreported order of February 11, 1977, this court dismissed Milprint's appeal from this remand order for lack of appellate jurisdiction. *Curwood, Inc. v. Milprint, Inc.*, No. 77–1050.

*See* 28 U.S.C. § 1447(d); *Thermtron Products, Inc. v. Hermansdorfer*, 423 U.S. 336, 343, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).

missal, and Curwood, apparently satisfied with a dismissal on any ground, has not pressed its jurisdictional objection in this court. The objection made in the district court was that Milprint's declaratory action does not "aris[e] under any Act of Congress relating to patents" within the meaning of 28 U.S.C. § 1338(a).[2] The district court was of the view that the action "manifestly does" so arise. Because the matter does not seem to us to be so simple, we must first decide whether the district court had jurisdiction of the case. *See Arvin Industries, Inc. v. Berns Air King Corporation*, 510 F.2d 1070, 1072 (7th Cir. 1975).

█ It has long been clear, notwithstanding the substantial federal interest in patent matters, that there is no exclusive federal jurisdiction over *questions* arising under the patent laws; only *cases* so arising may be brought in the federal courts. *Pratt v. Paris Gas Light & Coke Company*, 168 U.S. 255, 259, 18 S.Ct. 62, 42 L.Ed. 458 (1897). Consistent with the oft-cited principle stated by Justice Holmes in *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260, 36 S.Ct. 585, 60 L.Ed. 987 (1916) (in which patent jurisdiction was asserted), that "[a] suit arises under the law that creates the cause of action," it is well established that

> [w]hile a suit for infringement of a patent arises under the patent laws and is therefore cognizable under 28 U.S.C. § 1338(a), a suit to enforce an undertaking to pay royalties for the use of a patent arises under state law and is not within the jurisdiction of the federal courts. *Albright v. Teas*, 106 U.S. 613 [1 S.Ct. 550, 27 L.Ed. 295] (1883); *Luckett v.*

*Delpark, Inc.*, 270 U.S. 496, 510 [46 S.Ct. 397, 70 L.Ed. 703] (1926).

*Arvin Industries, supra*, 510 F.2d at 1072–73.[3] A patent licensor whose licensee has broken the agreement is not without choice between a state and a federal forum. It can, for example, declare the license forfeited for breach of a condition subsequent and sue for infringement. If it is correct as to its right to declare such a forfeiture unilaterally (a question of state law) federal jurisdiction of the infringement suit exists. *Luckett v. Delpark, Inc., supra*, 270 U.S. at 511, 46 S.Ct. 397. But where the licensor stands on the license agreement and seeks contract remedies, even an allegation of infringement will not create federal jurisdiction, for the existence of the license precludes the possibility of infringement. *Arvin Industries, supra*, 510 F.2d at 1073.

█ These principles lead straight to the conclusion that Curwood's state court royalties suit, diversity being absent, could have been brought nowhere else but in a state court. Curwood's suit is a prototypal one of a cause that arises under state, not federal patent, law.[4] Milprint's assertions that the underlying patents are invalid could be asserted by way of defense in the state court. *See Lear, Inc. v. Adkins*, 395 U.S. 653, 669–71, 676, 89 S.Ct. 1902, 23 L.Ed.2d 610 (1969).

The questions at hand are whether Milprint's action does anything more than seek to establish what would be its defenses in the state court royalties action, and, if not, whether the Declaratory Judgment Act, 28 U.S.C. § 2201, somehow allows Milprint to test a defense in federal court that could, without the Act, only be raised in state court.

---

**2.** Section 1338(a) provides:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

**3.** Under these principles, there can be no doubt that the count of Milprint's complaint which alleges Curwood's breaches of the license agreement and seeks, thus, a declaration that Milprint is entitled to return of already paid royalties, has no jurisdictional significance.

This count sounds exclusively in contract, and, unlike the other count, does not even assert the existence of patent law issues.

**4.** It should be recalled here that 28 U.S.C. § 1338(a) makes federal jurisdiction of cases arising under the patent laws *exclusive*. Absent diversity, the propriety of a state forum, *see, e. g., Lear, supra*, necessarily implies the nonexistence of federal jurisdiction. *See* Chisum, *The Allocation of Jurisdiction between State and Federal Courts in Patent Litigation*, 46 Wash.L.Rev. 633, 670 (1970).

We answer the first question in the negative. As we have remarked, the second count of the complaint, which asserts something akin to a traditional rescission cause of action, must be disregarded for jurisdictional purposes. *See* n.3 *supra.* The balance of the complaint, while it asserts the invalidity of Curwood's patents, is entirely geared to the royalty dispute. The existence of the license agreements, and a generalized statement of their terms, are alleged, but it is nowhere stated that the license has been terminated by either party. In fact, the complaint specifically avers the existence of Curwood's pending state court suit to enforce payment of royalties. The relief sought, other than a declaration of patent invalidity and of the rights of the parties under the license agreement, is specifically aimed at eliminating Milprint's royalty obligations. This is, thus, a quite different case than would be presented by a complaint alleging that a licensee's nonpayment of royalties gave it reason to fear the licensor would declare a forfeiture and sue for infringement. By alleging that Curwood is standing on the license agreement, Milprint forecloses that possibility. *See Arvin Industries, supra,* 510 F.2d at 1073; *Thiokol Chemical Corporation v. Burlington Industries, Inc.,* 448 F.2d 1328, 1330 n.2 (3d Cir. 1971), *cert. denied,* 404 U.S. 1019, 92 S.Ct. 684, 30 L.Ed.2d 668 (1972). In fact, the word "infringement" does not even appear in the complaint. For purposes of jurisdiction, then, this case is nothing more than Milprint's attempt to use the Declaratory Judgment Act to establish a federal defense to an action grounded exclusively in state law, which could only be and has been brought in state court.

We believe the attempt must fail. The Act provides, 28 U.S.C. § 2201, that "[i]n a case of actual controversy *within its jurisdiction* . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration . . . ." (Emphasis supplied.) By its terms, the Act makes declaratory judgment jurisdiction dependent on the traditional grants of jurisdiction by which conventional coercive suits would be judged.

"[T]he operation of the Declaratory Judgment Act is procedural only." *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240, 57 S.Ct. 461, 81 L.Ed. 617 [1937]. Congress enlarged the range of remedies available in the federal courts but did not extend their jurisdiction.

*Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950).

In *Skelly Oil,* the declaratory plaintiff sought to have its right to contract performance adjudicated. The defendants had stated they would not perform because the contract was conditioned on the issuance of a Federal Power Commission certificate of public convenience and necessity to plaintiff, which had, it was said, not been issued in time. The complaint alleged that the certificate had been "issued" in time. Notwithstanding that the time of issuance of the certificate was a federal law question critical to plaintiff's recovery, and that the dispute thereon had to be pleaded to establish a live controversy, the Supreme Court held there was no federal jurisdiction, in accordance with the long-established rule that the plaintiff's claim must present a federal question without reference to anticipated defenses. *Id.* at 672, 70 S.Ct. 876; *see Louisville and Nashville Railroad Company v. Mottley,* 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). The Court stated:

To sanction suits for declaratory relief as within the jurisdiction of the District Courts merely because, as in this case, artful pleading anticipates a defense based on federal law would contravene the whole trend of jurisdictional legislation by Congress, disregard the effective functioning of the federal judicial system and distort the limited procedural purpose of the Declaratory Judgment Act. See *Developments in the Law—Declaratory Judgments—1941–1949,* 62 Harv.L. Rev. 787, 802–03 (1949).

339 U.S. at 673–74, 70 S.Ct. at 880.

Here, unlike *Skelly Oil,* the federal "defense" is asserted as the claim of the declar-

atory plaintiff. Procedurally, of course, this is part of what the Declaratory Judgment Act is all about, but we think the jurisdictional principles should be the same. The *Skelly* Court apparently agreed. The very portion of the Harvard Law Review Comment cited approvingly by the Court reached the conclusion that a declaratory action seeking to test a defense should be triable in the federal courts *only* if it would normally arise in answer to a complaint which itself would properly raise a federal question. Citing the same Comment, the Court in *Public Service Commission of Utah v. Wycoff Company, Inc.*, 344 U.S. 237, 248, 73 S.Ct. 236, 242, 97 L.Ed. 291 (1952), observed that "[w]here the complaint in an action for declaratory judgment seeks in essence to assert a defense to an impending or threatened state court action, it is the character of the threatened action, and not of the defense, which will determine whether there is federal-question jurisdiction in the District Court."

■ In our opinion the logic of *Skelly Oil* and *Wycoff* controls this case. It is true, that the Declaratory Judgment Act does allow cases to be brought in federal courts which would not, *for lack of a proper coercive remedy*, otherwise be there. But it would be anomalous to conclude that an Act which provides only *procedural* and *remedial* flexibility somehow allows a party to invoke federal question jurisdiction to adjudicate its federal defense to an exclusively state law action. Accordingly, we hold that where diversity is lacking, a patent licensee's declaratory complaint which asserts patent invalidity simply to avoid the obligations of the license does not state a claim arising under the patent laws within the meaning of 28 U.S.C. § 1338(a).[5] The Third Circuit has flatly so held, *Thiokol Chemical Corporation, supra,* 448 F.2d 1328, and the Tenth Circuit in *Product Engineering and Manufacturing, Inc. v. Barnes,* 424 F.2d 42 (10th Cir. 1970), while considering the jurisdictional issue in conjunction with a discretionary dismissal issue much as is presented here, with some resulting loss in conceptual clarity, did expressly affirm the district court's conclusion that an action virtually identical to this one "was purely a contract action which properly should be litigated in the State court." *Id.* at 43.[6]

We have considered and found without merit other issues raised by Milprint including the contentions that it is an imposition on a state judicial system to require its judges to resolve complex issues under federal patent statutes with which they are generally unfamiliar and that there are potential discovery limitations at the state forum level. Aside from the fact that we are cognizant of frequent federal judicial recognition of the concurrent ability of state courts to handle difficult legal questions including federal constitutional ones,

5. Because the importance of respecting jurisdictional limits often leads federal courts to examine their jurisdiction even where the parties do not question it, it might be argued that *Edward Katzinger Co. v. Chicago Metallic Manufacturing Co.,* 329 U.S. 394, 67 S.Ct. 416, 91 L.Ed. 374 (1947), embodies an implicit holding that a licensee can invoke federal jurisdiction to test a federal validity defense. We think it does not, for three reasons. First, the declaratory plaintiff in *Katzinger* had not only ceased royalty payments but had also terminated the license and sought declaration not only of invalidity but also of noninfringement. Second, even if this were not so, we doubt that any such implicit and unconsidered "holding" survived *Skelly Oil* and *Wycoff.* Third, diversity jurisdiction may, for all that appears, have existed in *Katzinger.* The existence of diversity jurisdiction, which is shown by court records but not mentioned in the opinions, explains this court's unquestioning acceptance of jurisdic-

tion in two recent declaratory actions by licensees, *USM Corporation v. Standard Pressed Steel Co.,* 524 F.2d 1097 (7th Cir. 1975); and *Beckman Instruments, Inc. v. Technical Development Corporation,* 433 F.2d 55 (7th Cir. 1970), *cert. denied,* 401 U.S. 976, 91 S.Ct. 1199, 28 L.Ed.2d 326 (1971).

6. Indeed, this court has recently indicated the result we reach today. In *Super Products Corporation v. D P Way Corporation,* 546 F.2d 748, 753 n.8 (7th Cir. 1976), a case primarily concerned with the existence of a real case or controversy, it was observed, citing *Thiokol, supra,* that

> [t]he plaintiff's stake must be an interest in avoiding *infringement litigation* or the threat of such litigation to satisfy the . . . jurisdictional requirement that the case arise under the patent law. [Emphasis supplied.]

we are unaware of any basis in contentions such as those presently urged for according jurisdiction to a court when that jurisdiction does not otherwise exist.

Although our reasons differ from those used by the district court, we conclude that the judgment of dismissal must be, and it hereby is,

Affirmed.