PITTWAY CORPORATION, Plaintiff,

v.

The BRK SHAREHOLDERS' COMMITTEE, Defendant.

No. 76 C 3670.

United States District Court, N. D. Illinois, E. D.

Jan. 27, 1978.

J. William Hayton, James B. Moran, Bell, Boyd, Lloyd, Haddad & Burns, Chicago, Ill., for plaintiff.

Clemens, Hufmann, Mason, Kolemainen, Rathburn & Wyss, Chicago, Ill., for defendant.

## MEMORANDUM OPINION

FLAUM, District Judge:

■ The instant action raises common but difficult questions in patent litigation recently addressed in two Seventh Circuit opinions, *Milprint v. Curwood,* 562 F.2d 418 (7th Cir. 1977), and *Super Products Corp. v. DP Way Corp.,* 546 F.2d 748 (7th Cir. 1976), concerning the availability of declaratory judgment relief pursuant to 28 U.S.C. § 2201. Before the court is defendant's motion to dismiss[1] plaintiff's complaint on the grounds that as to one of plaintiff's claims for declaratory relief there does not exist a justiciable "case or controversy" between the parties, and as to plaintiff's other claim for declaratory relief that claim does not "arise under" the federal patent laws, 28 U.S.C. § 1338.[2] After considering the parties' arguments and submissions, this court must agree that this court lacks subject matter jurisdiction to adjudicate plaintiff's complaint and this cause must therefore be dismissed.[3]

Although undisputed, the relevant facts in this action are complex and must be set forth with some detail. In February, 1970, Pittway Corp. (Pittway) entered into an agreement with the shareholders of BRK Electronics, Inc. in which Pittway agreed to acquire all the assets of BRK Electronics. These assets included a certain United States patent application No. 709,415 which covered a smoke detection device containing two batteries, one of which monitored the battery which operated the detection device. In exchange for these assets, Pittway agreed to use its best efforts to obtain as broad a patent as possible based on the patent application No. 709,415 and to pay to the shareholders as the purchase price a specific amount for each device covered by the patent application. The agreement also provided that if payments by Pittway to the shareholders did not reach a specific figure within three years, any patent obtained based upon the No. 709,415 application would be transferred as directed by a BRK Shareholders' Committee.

On July 20, 1971, U.S. Patent No. 3,594,751 was issued pursuant to the No. 709,415 application. However, this issued patent did not contain within its scope a claim 13 which sought to patent a single battery self-monitoring smoke detector. By 1973 the payments by Pittway to the shareholders had not reached the agreed upon level and the BRK Shareholders' Committee, pursuant to the agreement, directed Pittway to transfer patent No. 3,594,751 to it. Thereupon the BRK Shareholders' Commit-

---

1. While nominally entitled a motion to dismiss, the parties have submitted matters dehors the complaint and accordingly the court will consider this a motion for summary judgment pursuant to Fed.R.Civ.P. 56.

2. Defendant also raises certain challenges to the propriety of service of process and nonjoinder of proper parties in this case. However, since the beneficiaries of a trust need not be joined in a suit against the trust, *see* 3A J. Moore's, Federal Practice ¶ 19.08, at 2299 (1974), and plaintiff has obtained service of process on the trustees of the BRK Shareholder's Committee and can amend that service to name them as defendants in their capacity of trustees, *see* Fed.R.Civ.P. 4(h); *In re Nat'l Student Marketing Lit.,* 413 F.Supp. 1159, 1160 (D.D.C.1976), there is no jurisdictional defect in service of process or misjoinder of parties in this cause.

3. Of course, this ruling has no res judicata or collateral estoppel effect on the substantive merits of plaintiff's complaint.

tee filed an application for a Reissue Patent which was granted in 1976 containing the claims in the original patent No. 3,594,751 as well as several additional claims. Claim 13, however, was not included in the Reissue Patent No. 28,915.

On June 16, 1976 several of the selling shareholders of BRK Electronics filed an action in the Circuit Court of Cook County, Illinois against Pittway. *Burke v. Pittway Corp.,* Civ. No. 76 L 13079 (Cir.Ct. of Cook Cty., Ill., filed June 16, 1976). In their six-count complaint,[4] the state court plaintiffs alleged that Pittway had breached its agreement, and its fiduciary duty to the selling shareholders, in not properly prosecuting the original patent application No. 709,415 and in not obtaining the broadest possible patent coverage for the invention embodied therein. In particular, the shareholders alleged that claim 13 should have been prosecuted more diligently and that Pittway's failure to do so damaged the shareholders. On December 21, 1976, in a one line order, the circuit court dismissed the shareholders' action on Pittway's motion.

On October 4, 1976, Pittway filed the instant action seeking a declaratory judgment: (1) that the original and reissued patents were invalid and not infringed by Pittway; and (2) "that it has not made or sold any products embodying any patentable invention disclosed in the application for the Original Patent that was not claimed therein," *i. e.* claim 13. As stated previously, defendant has argued that this court lacks subject matter jurisdiction to grant the relief sought by plaintiff on the grounds of lack of "case or controversy" and failure to allege a cause of action under the federal patent laws. This court shall consider each claim for declaratory relief made by plaintiff seriatum.

## I. Invalidity and Noninfringement of the Original and Reissue Patent.

■ Although defendant concedes, and rightly so, that a suit for patent infringement or a declaratory action seeking a declaration of noninfringement "arises" under the federal patent laws and is properly brought in federal court, *Arvin Indus., Inc. v. Berns Air King Corp.,* 510 F.2d 1070, 1072–73 (7th Cir. 1975), defendant argues that in the case at bar there is no actual controversy between the parties over the validity or infringement of the original patent No. 3,594,751, or of the reissue patent No. 28,915. Resolution of this issue is controlled by the principles set forth in *Super Products Corp. v. DP Way Corp.,* 546 F.2d 748 (7th Cir. 1976).

■ In *Super Products,* the Seventh Circuit recognized that an action seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 is not immune from the constitutional limitation on federal judicial power to "cases" or "controversies." 546 F.2d at 753, *citing Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 239–40, 57 S.Ct. 461, 81 L.Ed. 617 (1937). As the court stated:

> The case or controversy requirement limits the exercise of federal judicial power to suits that present "real and substantial" controversies involving "the legal relations of parties having adverse legal interests" and prohibits its exercise in suits that rest upon "a hypothetical set of facts." *Aetna Life Insurance Co. v. Haworth, supra,* 300 U.S. at 240–41, 57 S.Ct. 461. The Supreme Court has recognized that the difference between a hypothetical question and an actual controversy is "necessarily one of degree" and that the basic question is whether the facts alleged show a controversy of "sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941).

---

**4.** Count I alleges a breach of the agreement to properly prosecute claim 13; count II alleges a failure to promptly notify the shareholders of the withdrawal of claim 13 from the patent applications; count III alleges a failure to pay the shareholders sum due and owing under the

agreement for the years 1970 to 1973; count IV alleges a breach of fiduciary duty in failing to prosecute the original patent application; count V alleges conversion of claim 13; and count VI alleges the wrongful appropriation of the information embodied in claim 13.

546 F.2d at 753. As applied to declaratory actions brought by alleged infringers seeking declarations of patent invalidity or noninfringement, the case or controversy requirement mandates that the plaintiff disclose in its complaint conduct on the part of the defendant/patentee, "that makes reasonable the plaintiff's apprehension that it will face an infringement suit or the threat of one if it commences or continues the activity in question." 546 F.2d at 753. Thus, while alleged infringers need not wait until they are sued for infringement or until an actual "accusation" of infringement is made to establish their rights by way of the declaratory judgment device, they may not obtain declaratory relief when there is no real threat of infringement litigation by the patentee.

In the case at bar, plaintiff relies on the filing of the state court action by the shareholders of BRK Electronics to support what it contends is a reasonable belief that there is a threat of infringement litigation against it by the holders of the original patent No. 3,594,751 and the reissue patent No. 28,915. Thus, in paragraph 8 of the instant complaint Pittway alleges that:

> The complaint in [the state action] asserts that products made by plaintiff embody the alleged invention disclosed in said Patent and Reissue Patent . . ..

And, in paragraph 9, it is alleged that:

> By reason of the foregoing there exists an actual controversy between the parties hereto as to whether any products made or sold by plaintiff have embodied any patentable invention disclosed in the application for the Original Patent and whether the Reissue Patent is valid and has been infringed by plaintiff.

This court cannot agree that from these allegations and other undisputed facts delineating the circumstances of this case that plaintiff Pittway has a "reasonable" apprehension of a patent infringement action being instituted by defendant. Thus, unlike *Super Products* where the plaintiff/alleged infringer had heard that the defendant/patentee had told others that it would institute patent infringement action against the plaintiff, 546 F.2d at 752, there has been no actual threat of infringement litigation made by the defendant BRK Shareholders' Committee to Pittway. While as stated previously it is not a *necessary* condition to a declaratory action by an alleged infringer that an actual accusation is made, the lack of such an accusation can be and is relevant in determining, along with all other facts, the reasonableness of the alleged infringer's apprehension of infringement litigation.

There are several other factors which militate against a finding that a case or controversy exists between these parties as to the infringement of the original and reissue patents. Unlike *Sherwood Med. Indus., Inc. v. Deknatal, Inc.,* 512 F.2d 724, 728 (8th Cir. 1975), and *Blessings Corp. v. Altman,* 373 F.Supp. 802, 806–07 (S.D.N.Y.1974), where the courts found the declaratory judgment plaintiffs to have reasonable apprehensions of infringement actions, in the case at bar there is no prior history of infringement litigation between these parties or between the defendant and competitors of plaintiff producing products similar to Pittway's products. Also, in the state court complaint, the BRK Electronic shareholders expressly stated in paragraph 33 that because of Pittway's alleged failure to properly prosecute the original patent application, patent infringement litigation would be highly unlikely due to the expense and uncertain outcome of such suits. While Pittway argues that this court should not consider this self-serving comment by defendant, again this statement in the state court complaint, made prior to the institution of this action, is relevant to the issue of plaintiff's reasonable apprehension of infringement litigation. Furthermore, the nature of the state court action, relying primarily on state law contract and fiduciary duty principles,[5] indicates that a direct infringement action instituted by defendant is un-

---

5. However, as stated *infra,* this court does not reach the issue of whether the state court action "arises under" the patent laws for purposes of ousting state court jurisdiction over that case.

likely. *Cf. Milprint, Inc. v. Curwood, Inc.,* 562 F.2d 418, 421 (7th Cir. 1977). Thus, although factually distinct, this case is similar to *American Needle & Novelty Co. v. Schuessler Knitting Mills, Inc.,* 379 F.2d 376 (7th Cir. 1967), and *TRW, Inc. v. Ellipse Corp.,* 495 F.2d 314 (7th Cir. 1974), in which the courts held that the declaratory judgment plaintiff did not have a reasonable fear of infringement litigation based on the conduct of the defendant/patentee. *See also Walker Process Equip., Inc. v. FMC Corp.,* 356 F.2d 449 (7th Cir. 1966).[6]

Accordingly, based upon the undisputed facts, this court finds that as a matter of law plaintiff does not have a reasonable apprehension that it will face an infringement suit or the threat of such a suit and this court lacks jurisdiction over plaintiff's claims seeking a declaration of noninfringement or invalidity of defendant's patent No. 3,594,751 and reissue patent No. 28,915. In reaching this conclusion this court is not ignoring "the realities of business life" in regard to patent infringement situations. *Sherwood Med. Indus., Inc. v. Deknatal, Inc.,* 512 F.2d 724, 729 (8th Cir. 1975). Rather, this court believes that in this area which is "necessarily one of degree," deciding the issues raised herein would violate the important policy and constitutional prohibitions against deciding "hypothetical" cases. Plaintiff's allegations seeking a declaration of noninfringement and invalidity of patent No. 3,594,751 and reissue patent No. 28,915 are dismissed.

II. Noninfringement of those Claims Never Embodied in the Original or Reissue Patent, *i. e.* claim 13.

█ As to plaintiff's ability to seek a declaration that it does not produce items which embody the elements of the alleged inventions disclosed in those claims never incorporated into the original or reissue patent, defendant contends that such an action does "not arise" under the patent laws, 28 U.S.C. § 1338 and, diversity of citizenship lacking, this court is without subject matter jurisdiction over this claim. Thus, defendant argues that although 35 U.S.C. § 271 allows for suits to prevent the infringement of patents, nowhere in the patent laws is a cause of action created for the alleged infringement of an invention that has never been patented. Accordingly, since defendant could not sue under the patent laws for damages for infringement of a nonexistent patent, plaintiff may not use the declaratory judgment device to accomplish the same result. *Cf. Skelly Oil Co. v. Phillips Petrol. Co.,* 339 U.S. 667, 70 S.Ct. 876, 94 L.Ed. 1194 (1970).

This court must agree with this contention. Plaintiff has cited this court no authority for the proposition that a person can sue for a declaration of noninfringement of an invention which has never been patented. Rather this court has found persuasive authority to the contrary. *Muskegon Piston Ring Co. v. Olsen,* 307 F.2d 85, 89 (6th Cir. 1962), *cert. denied,* 371 U.S. 952, 83 S.Ct. 508, 9 L.Ed.2d 500 (1963); *Must v. Wilkenson,* 127 F.Supp. 905, 906 (S.D.Cal. 1955). The United States patent laws are only concerned with patents, and the protection thereof, not mere ideas which never obtain patent protection.

Plaintiff contends however that since the state court action arises under federal patent law, as the state court judge held, its present action must also arise thereunder since the instant action is a mere anticipation of the state case. Whatever the merits of plaintiff's characterization of the state action,[7] an issue this court does not decide, the instant action is not a mirror image of

---

**6.** It should also be noted that nowhere in the instant complaint does Pittway *allege* that it has a reasonable apprehension of infringement litigation. While Pittway argues that it does have such an apprehension in its briefs and this court has considered the issue, it is also relevant to the court that no such allegation was set forth in the complaint at the time this suit was filed.

**7.** *See Milprint, Inc. v. Curwood, Inc.,* 562 F.2d 418 (7th Cir. 1977). *Compare American Well Works Co. v. Layne & Bowler Co.,* 241 U.S. 257, 36 S.Ct. 585, 60 L.Ed. 987 (1916), *with Smith v. Kansas City Title Co.,* 255 U.S. 180, 41 S.Ct. 243, 65 L.Ed. 577 (1921).

the state action. Rather, plaintiff has merely extracted a single issue from the state case which absent the other allegations in the state court complaint could not be brought in this court.

Therefore, this court holds that plaintiff has failed to allege a claim arising under the patent laws in seeking a declaration of "noninfringement" of an unpatented device. Accordingly, for the reasons stated in parts I and II of this opinion, this cause is dismissed for want of subject matter jurisdiction.