**LANSING RESEARCH CORPORATION, Plaintiff,**

v.

**SYBRON CORPORATION, Defendant.**

### No. 80–CV–911.

United States District Court, N. D. New York.

May 20, 1981.

Benoit Smith & Laughlin, James H. Laughlin, Jr., Arlington, Va., Bond, Schoeneck & King, James E. Wilbur, Syracuse, N. Y., for plaintiff.

Nixon, Hargrave, Devans & Doyle, Frank H. Penski, Rochester, N. Y., for defendant.

## MEMORANDUM—DECISION AND ORDER

McCURN, District Judge.

Defendant has moved, pursuant to Rule 12(b)(1) of the Fed.R.Civ.P., to dismiss plaintiff's complaint for lack of subject matter jurisdiction.

Plaintiff, Lansing Research Corporation, and defendant, Sybron Corporation, entered into a written agreement on August 27, 1975. Under the agreement, Lansing warranted that it was the owner of an application for Letters of Patent of the United States for a device known as an "Optical Core Processor". Lansing agreed to grant Sybron an option to purchase the rights and license under the application and any Letters of Patent issuing under the application.

On October 21, 1975, Lansing was issued the patent. On March 21, 1978, Sybron exercised its option under the agreement and paid Lansing $100,000.00. It appears that although Sybron exercised its option, it never manufactured or offered for sale any product pertinent thereto.

The agreement also provided for minimum royalty payments from Sybron to Lansing. On May 1, 1980, Lansing demanded payment from Sybron. When Sybron refused, this suit followed.

The complaint seeks damages "under the agreement" and a declaratory judgment that the subject patent is valid. Plaintiff alleges that defendant's failure to meet its obligation to make royalty payments is predicated on defendant's alleged assertion of patent invalidity and that defendant, in fact, never intended to manufacture and sell products covered by the patent upon which royalties would become due to plaintiff. There is no diversity jurisdiction here since both parties are New York corporations.

## DISCUSSION

■ Plaintiff asserts that jurisdiction exists under 28 U.S.C. § 1338(a), which provides:

> The district courts shall have original jurisdiction of any civil action arising under any Act of Congress relating to patents, plant variety protection, copyrights and trademarks. Such jurisdiction shall be exclusive of the courts of the states in patent, plant variety protection and copyright cases.

The contours of this statutory grant of exclusive federal jurisdiction are sufficiently settled to permit disposition of the present motion to dismiss without extended analysis.

Jurisdiction is said to exist under § 1338 if the complaint "sets up a right under the patent laws as ground for a recovery." *Pratt v. Paris Gas Light & Coke Co.*, 168 U.S. 255, 259, 18 S.Ct. 62, 64, 42 L.Ed. 458 (1897). A suit seeking to recover for infringement of a patent arises under the patent laws and is actionable under § 1338. On the other hand, a suit designed to enforce an undertaking to pay royalties for the use of a patent arises under state law and is not within the scope of § 1338. In this regard, the Supreme Court has stated:

> ... where a patentee makes his suit one for recovery of royalties under a contract of license or assignment, or for damages for a breach of its covenants, or for specific performance thereof, or asks the aid of the court in declaring a forfeiture of the license, or in restoring an unclouded title to the patent, he does not give the federal district court jurisdiction of the cause as one arising under the patent laws.

*Luckett v. Delpark*, 270 U.S. 496, 510–11, 46 S.Ct. 397, 402, 70 L.Ed. 703 (1926). Moreover, it has been said that "where the licensor stands on the license agreement and seeks contract remedies, even an allegation of infringement will not create federal jurisdiction, for the existence of the license precludes the possibility of infringement." *Milprint, Inc. v. Curwood, Inc.*, 562 F.2d 418, 420 (7th Cir. 1977), citing, *Arvin Industries, Inc. v. Berns Air King Corp.*, 510 F.2d 1070, 1073 (7th Cir. 1975).

The instant case is essentially a suit for the recovery of royalties allegedly due under the licensing agreement between the parties. As such, it is cognizable only in the state courts since the parties are not of diverse citizenship. *Milprint, supra*, 562 F.2d at 420. Plaintiff, however, opposes the motion to dismiss, pointing to its request for a declaration that its patent—the subject matter of the licensing agreement— is valid. Plaintiff claims that defendant's failure to make the royalty payments is based on its assertion that plaintiff's patent is invalid. Given this asserted fact, plaintiff seeks to characterize its suit as involving primarily a dispute over the patent's validity and only incidentally as a suit for damages for royalties due.

This attempted characterization must fail. Plaintiff's request for a declaration of patent validity amounts to nothing more than an attempt to confer federal jurisdiction by including an allegation in anticipation of a possible defense to its suit on the licensing agreement. Having determined that plaintiff's suit is primarily a contract action on the licensing agreement and for that reason belongs in state court, it will suffice to add that if the defense of patent invalidity is in fact raised in the state court, the merits of that defense may be fully determined by that court. *See Diematic Mfg. Corp. v. Packaging Industries, Inc.*, 381 F.Supp. 1057, 1060 (S.D.N.Y.1974), app. dism'd, 516 F.2d 975 (2d Cir. 1975), *cert. den.*, 423 U.S. 913, 96 S.Ct. 217, 46 L.Ed.2d 141; *accord, Milton Roy Co. v. Bausch & Lomb, Inc.*, 418 F.Supp. 975 (D.Del.1976); *Milprint, supra*, 562 F.2d at 420.

Plaintiff's reliance on the Declaratory Judgment Act to establish jurisdiction over this contract action is without merit. It is well settled that the Declaratory Judgment Act "does not independently create federal jurisdiction." *Warner-Jenkinson Co. v. Allied Chemical Corp.*, 567 F.2d 184, 186 (2d Cir. 1977), *citing, Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671– 72, 70 S.Ct. 876, 878–79, 94 L.Ed. 1194 (1950). Rather, a declaratory judgment action lies only if there exists a basis for federal jurisdiction in a coercive action between two parties. *Id.* Here the only possible basis for independent federal jurisdiction would be a suit by Lansing against Sybron for patent infringement. However, there is no allegation in Lansing's complaint that Sybron has even threatened to infringe Lansing's patent. In the absence of a threat of imminent infringement, plaintiff's request for a declaration of patent validity appears designed solely to rebut a possible defense to Sybron's contract liability for minimum royalty payments under the agreement. Since it appears that Sybron could not invoke the Declaratory Judgment Act merely to establish patent invalidity as a defense to Lansing's state court action for royalties, *see Warner-Jenkinson, supra*, 567 F.2d at 186–87; *Milprint, supra*, 562 F.2d at 421, there is no basis in law or policy to permit Lansing to invoke federal jurisdiction on the slender reed of an anticipated defense.

Finally, Lansing's reliance on *Leesona v. Concordia Mfg. Co.*, 312 F.Supp. 392 (D.R.I. 1970) is misplaced. In that case the defendants had removed the action from state court. On a motion to dismiss, the district court reasoned that because the suit was concerned primarily with the validity of plaintiff's patents, an issue within the exclusive jurisdiction of the federal courts under 28 U.S.C. § 1338, the state court in which the suit was initially filed lacked jurisdiction and that a jurisdictional defect cannot be cured by removal. Accordingly, the district court granted the motion to dismiss, while noting that if the suit had been filed in federal court at the outset,

jurisdiction would lie under 28 U.S.C. § 1338. While the *Leesona* court went on to discuss questions concerning justiciability and personal jurisdiction, its initial holding on the absence of subject matter jurisdiction necessarily reduces the precedential weight of the remainder of the opinion. In any event, the *Leesona* court's characterization of the suit as one for a declaration of patent validity was premised in part on the fact that at the time of filing, none of the defendants had refused to pay royalties under their agreements with plaintiff.[1] Here, by contrast, it is precisely the defendant's failure to pay royalties that prompted this litigation, and this factual distinction is sufficient to defeat jurisdiction under 28 U.S.C. § 1338.

Accordingly, defendant's motion is granted, and the complaint is dismissed without prejudice to plaintiff's right to bring an action in an appropriate forum.

IT IS SO ORDERED.

---

1. The one exception was Kaiser-Roth, a licensee who had defaulted on its royalty payments, notified Leesona that the agreement was terminated, and commenced suit in federal court asserting patent invalidity seeking a determination of its rights under the agreement and affirmative relief under the antitrust laws. *Leesona Corp. v. Concordia Mfg. Co.*, 312 F.Supp. 392, 395–97 (D.R.I.1970).